# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITT SAMUEL,<br><br>              Plaintiff,<br><br>     v.<br><br>WASCO MEDICAL PLAZA, ITS ADMINISTRATORS, BOARD OF DIRECTORS, and EXECUTIVE OFFICERS, Collectively and Individually; DELANO REGIONAL MEDICAL CENTER, ITS BOARD OF DIRECTORS, ADMINISTRATORS, and EXECUTIVE OFFICERS, Collectively and Individually; CENTRAL CALIFORNIA FOUNDATION FOR HEALTH (CCFH), ITS BOARD OF DIRECTORS, ADMINISTRATORS, and EXECUTIVE OFFICERS, Collectively and Individually; KYLE TERRY, Medical Director, Wasco Medical Plaza, Collectively and Individually; ALLAN KAMAREK, Chief Executive Officer, Delano Regional Medical Center, Collectively and Individually; NOLAN ANDERSON, Member, Board of Directors, CCFH, Collectively and Individually; WAYNE BILLINGSLEY, Member, Board of Directors, CCFH, Collectively and Individually; ROSEMARIA BANS, Member, Board of Directors, CCFH, Collectively and Individually; SHERYL WIGGINS, Member, Board of Directors, CCFH, Collectively and Individually; WILLIAM NOBLE, Chairman, Board of Directors, CCFH, Collectively and Individually; Does 1 through 50, Collectively and Individually,<br><br>              Defendants. | 1:05-CV-01598 AWI TAG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DIRECTING THE CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT<br><br>ORDER DIRECTING THE CLERK TO FORWARD ANY SERVICE DOCUMENTS SUBMITTED BY PLAINTIFF TO THE MARSHAL FOR SERVICE OF PROCESS<br><br>ORDER DIRECTING THE MARSHAL TO SERVE THE COMPLAINT UPON RECEIPT OF SUFFICIENT AND APPROPRIATE SERVICE DOCUMENTS |

1  Plaintiff Kitt Samuel ("plaintiff") is proceeding pro se with a civil action concerning
2  disability discrimination. The matter has been referred to the Magistrate Judge pursuant to
3  28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.
4  Plaintiff's Complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C.
5  § 12101, the Unruh Civil Rights Act, Cal. Civ. Code § 51 and Cal. Civ. Code § 54.  Plaintiff
6  filed this action on December 16, 2005.  (Doc. 1.)  Plaintiff has moved to proceed in forma
7  pauperis.  (Doc. 2.)
8  The Court finds that plaintiff's "Application to Proceed without Prepayment of Fees and
9  Affidavit," wherein he reports $730 of monthly Supplemental Security Income and no other
10 assets other than a 1990 Plymouth Voyager valued at $600, satisfies the indigency requirements
11 of 28 U.S.C. § 1915(a)(1) and that plaintiff is unable to pay the costs of commencing this action.
12 See Pitts v. Delaware, Slip Copy, 2005 WL 1806434 (D. Del. 2005)($600 per month in disability
13 benefits satisfies section 1915(a)); D'Alessandro v. Brann & Isaacson, Slip Copy, 2005 WL
14 1642582 (D. Del. 2005)($1,250 per month in disability benefits satisfies § 1915(a)); Calhoun v.
15 Health & Human Services, 844 F. Supp. 1338, 1339 (E.D. Wisc. 1994)($316 per month of
16 assistance benefits and food stamps satisfies 28 U.S.C. § 1915(a)).
17 Having concluded that plaintiff is entitled to proceed in forma pauperis under
18 § 1915(a)(1), this Court must still "screen" plaintiff's Complaint under 28 U.S.C.
19 § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it
20 (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or
21 (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.
22 § 1915(e)(2)(B)(i),(ii) and (iii).
23 A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams,
24 490 U.S. 319, 324 (1989).  A frivolous claim is based on an inarguable legal conclusion or a
25 fanciful factual allegation. Id.  A federal court may dismiss a claim as frivolous if it is based on
26 an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.
27 ///
28 ///

1   The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Here, it is apparent from its face that plaintiff's Complaint has an arguable basis in law or fact. The thrust of the Complaint is that plaintiff, a disabled person, was unable to use defendants' medical facilities due to their failure to comply with the requirements of the Americans with Disability Act, 42 U.S.C. § 12101; the Unruh Civil Rights Act, Cal.Civil Code § 51; and Cal. Civil Code § 54. (Doc. 1). Such a claim is neither frivolous nor malicious.

As to whether plaintiff's Complaint states a claim on which relief may be granted, Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal

theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990); <u>Lewis v. ACB Business Service, Inc.</u>, 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).[1]

Under the above-mentioned standard, this Court finds that plaintiff has stated a cognizable claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, the Unruh Civil Rights Act, Cal. Civ. Code § 51 and Cal. Civ. Code § 54.  Each of these laws prohibit discrimination against disabled persons, and both the ADA and California Civil Code §54.1 requires that disabled persons be allowed access to public accommodations, such as are offered by defendants and as to which plaintiff alleges a denial of access in paragraph two of his Complaint.  <u>See</u> 42 U.S.C. § 12182(b)(2)(A)(iv)(removal of architectural barriers); Cal. Civ. Code § 54 (physically disabled persons entitled to "full and equal access" to public facilities); <u>Donald v. Sacramento Valley Bank</u>, 209 Cal. App. 3rd 1183, 1190-91, 260 Cal. Rptr. 49, 53-54 (3rd Dist. 1989)(the Unruh Civil Rights Act and 54.1 of the Civil Code prohibit discrimination against the handicapped; a policy that is "give[n] meaning" by various Government Code sections directing the adoption of "minimum standards of accessibility regulations concerning handicap access to buildings and related facilities").

---

[1] If the court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); see also <u>Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

ORDERS

Based on the foregoing, the Court makes the following ORDERS:

1. <u>Motion to Proceed in Forma Pauperis</u>

   Plaintiff's motion to proceed in forma pauperis (Doc. 2) IS GRANTED.

2. <u>Service of the Complaint</u>

   A. <u>Directions to the Clerk and to Plaintiff</u>

   Service is appropriate for the defendants named in the Complaint. Accordingly,

   (1) The Clerk of the Court shall send Plaintiff a USM-285 form and a summons for each of the named defendants, an instruction sheet, a notice of submission of documents, and a copy of the Complaint (Doc. 1) filed in this Court.

   (2) Within thirty (30) days from the date of service of this order, Plaintiff shall complete the notice of submission of documents and submit the completed notice to the Court with the following documents:

   a. Completed summonses;

   b. One completed USM-285 form for each defendant named in the Complaint; and

   c. Three copies of the endorsed Complaint filed in this Court.

   Plaintiff need not attempt service on defendants and need not request waiver of service.

   Upon receipt of the documents described above, the Clerk of the Court SHALL FORWARD them to the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

   B. <u>Directions to the Marshal</u>

   It is ORDERED that when sufficient and appropriate service documents are submitted to the Court and forwarded to the United States Marshal, the United States Marshal's Service SHALL SERVE the Complaint.

///

///

1     Plaintiff's failure to comply with these orders will result in a recommendation to
2 dismiss this action and/or the defendants named therein for failure to obey this Court's
3 orders.  Local Rule 11-110.

5 IT IS SO ORDERED.

6 Dated:   **January 4, 2006**                               **/s/ Theresa A. Goldner**
   **j6eb3d**                                                       UNITED STATES MAGISTRATE JUDGE