# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITT SAMUEL,<br><br>        Plaintiff,<br><br>   v.<br><br>WASCO MEDICAL PLAZA, ITS ADMINISTRATORS, BOARD OF DIRECTORS, and EXECUTIVE OFFICERS, Collectively and Individually; DELANO REGIONAL MEDICAL CENTER, ITS BOARD OF DIRECTORS, ADMINISTRATORS, and EXECUTIVE OFFICERS, Collectively and Individually; CENTRAL CALIFORNIA FOUNDATION FOR HEALTH (CCFH), ITS BOARD OF DIRECTORS, ADMINISTRATORS, and EXECUTIVE OFFICERS, Collectively and Individually; KYLE TERRY, Medical Director, Wasco Medical Plaza, Collectively and Individually; ALLAN KAMAREK, Chief Executive Officer, Delano Regional Medical Center, Collectively and Individually; NOLAN ANDERSON, Member, Board of Directors, CCFH, Collectively and Individually; WAYNE BILLINGSLEY, Member, Board of Directors, CCFH, Collectively and Individually; ROSEMARIA BANS, Member, Board of Directors, CCFH, Collectively and Individually; SHERYL WIGGINS, Member, Board of Directors, CCFH, Collectively and Individually; WILLIAM NOBLE, Chairman, Board of Directors, CCFH, Collectively and Individually; Does 1 through 50, Collectively and Individually,<br><br>        Defendants. | CASE NO. 1:05-cv-01598 AWI TAG<br><br>**ORDER DISMISSING CASE WITH PREJUDICE AND VACATING FURTHER STATUS CONFERENCE** |

1

The parties in this matter having stipulated to dismiss the above-captioned action with prejudice (Doc. 35).  The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  Because Plaintiff has filed a stipulation for dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that:

1. This matter is DISMISSED with prejudice.
2. A Further Status Conference set for April 28, 2006 at 9:00 a.m. (Doc. 32) is VACATED.

IT IS SO ORDERED.

**Dated:    April 19, 2006**              **/s/ Anthony W. Ishii**
0m8i78                                           UNITED STATES DISTRICT JUDGE

2